# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF MISSOURI

| | |
|---|---|
| Nova Center, Inc., ) <br> a Missouri nonprofit corporation, ) <br>  ) <br> Plaintiff, ) <br>  ) <br> v. ) <br>  ) <br> Nova Center of the Ozarks, Inc., ) <br> a Missouri nonprofit corporation, ) <br>  ) <br> Serve: Ryan Trotter (Registered Agent) ) <br> 1311 E. Woodhurst Drive ) <br> Springfield, MO 65804 ) <br>  ) <br> Defendant. ) | Case No.: _____ |

## **COMPLAINT**

COMES NOW Plaintiff, Nova Center, Inc. ("Nova Center") by and through undersigned counsel of record, and for its Complaint ("Complaint") against Defendant Nova Center of the Ozarks, Inc. ("Defendant") states and alleges as follows:

## PARTIES

1. Nova Center is a Missouri nonprofit corporation formed on or around May 22, 1980.

2. Nova Center provides facilities for educational classes to individuals with special needs, conducts classes and field trips for persons with learning disabilities and individuals with special needs in the field of K-12 education, provides adult daycare centers, and provides independent living residences for persons with developmental disabilities and individuals with special needs.

3. Defendant is a Missouri nonprofit corporation formed on or around June 5, 1990.

4. Defendant works with children with autism as well as individuals with other diagnoses, provides residential services and a day habilitation program, and more generally supports individuals and families affected by autism and other developmental disabilities.

5. Defendant may be properly served via its registered agent, Ryan Trotter.

## JURISDICTION & VENUE

6. This Court has subject matter jurisdiction under 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331 and 1338 because this action arises under the Lanham Act, a federal statute governing trademarks.

7. This Court has supplemental jurisdiction over Plaintiff's Missouri state law claims under 28 U.S.C. § 1367.

8. This Court has personal jurisdiction over Defendant because it is a Missouri corporation with its principal place of business in this District and has committed acts of infringement in this District.

9. Venue is proper in this Court under 28 U.S.C. § 1391(b) because a substantial part of the events giving rise to the claims occurred in this District and Defendant has its principal place of business in this District.

## NATURE OF THE ACTION

10. This is a civil action for trademark infringement, unfair competition, and false designation of origin under the Lanham Act, 15 U.S.C. §§ 1114 and 1125(a), and under Missouri common and statutory law.

11. Nova Center seeks injunctive and monetary relief to stop Defendant's unlawful use of Nova Center's federally and state registered trademark "NOVA CENTER" in connection with services that are identical or highly similar to those provided by Nova Center, which

Page 2 of 12

Case 4:25-cv-00823-DGK     Document 1     Filed 10/20/25     Page 2 of 12

has resulted in actual confusion in the marketplace and is likely to continue causing confusion, mistake, or deception as to the affiliation, connection, or association between the parties.

## FACTUAL ALLEGATIONS COMMON TO ALL COUNTS

12. Nova Center helped Defendant get started as an organization approximately 35 years ago.

13. For decades, each entity went by its respective name, and there was no known confusion in the marketplace.

14. Prior to 2024, Nova Center and Defendant had a friendly relationship, with no known problems between the two organizations.

15. Sometime in 2024, Nova Center discovered that Defendant had begun using "Nova Center" or "Nova" to identify itself without including the remainder of its legal name, "of the Ozarks, Inc."

16. On April 1, 2024, Defendant, or its respective officers and/or directors, organized another company with the state of Missouri, "Nova Center Property Management, Inc.", for the purpose of providing "affordable housing for people with disabilities and other charitable purposes permitted by law."

17. This new entity clearly and unequivocally demonstrated Defendant's attempt to identify itself, or an affiliated entity, by Nova Center's brand (i.e., by using "Nova Center" without any indication that the entity was actually connected with Defendant).

18. Promptly after Nova Center's discovery of this infringement activity, undersigned counsel prepared and sent a demand letter on July 19, 2024.

19. Discussions and correspondence ensued thereafter, including, specifically, a request by the CEO of Nova Center to the Executive Director of Defendant as follows: "We ask

politely that your organization not call itself 'Nova Center' and make appropriate revisions to any content it has saying as much."

20. The CEO of Nova Center further stated the following to the Executive Director of Defendant in the same communication: "We would like to keep things simple. In that regard, we ask that each of our organizations go by their respective names. We are Nova Center (and own the trademark to Nova Center). You guys are Nova Center of the Ozarks. I don't think there will be any issues if we just stick to that simple and logical plan."

21. On August 18, 2025, undersigned counsel sent counsel for Defendant a second demand letter. In this letter, Nova Center itemized its state and federal rights to the "Nova Center" mark and provided multiple instances of Defendant's infringement of that mark; ultimately, within this letter, Nova Center demanded that Defendant cease and desist its unauthorized use of "Nova Center" or simply "Nova".

22. Despite this demand, Defendant failed to cure specifically cited instances of infringement, continuing to call itself "Nova Center" on the following web pages, each supplied as infringement specimens within the second demand letter: https://www.novacenteroftheozarks.org/annual-shoot-out-1 and https://www.novacenteroftheozarks.org/accessibility. Through the date of the filing of this Complaint, Defendant continues to identify itself "Nova Center" within these web pages and in other instances without including the rest of its name, "of the Ozarks, Inc."

23. Nova Center owns the "Nova Center" mark under Missouri state law and federal law.

24. Specifically, at the federal level, Nova Center is the owner of "Nova Center" with the USPTO under U.S. Registration Number 7840343. This mark is registered on the

Principal Register. A true and accurate copy of the federal registration certificate is attached to this Complaint as "Exhibit A" and is hereby incorporated herein by reference as though fully set forth herein.

25. Specifically, at the state level, Nova Center owns three registrations: "Nova Center", Missouri Registration Number S022198; "Nova Center", Missouri Registration Number S022211; and "Nova Center", a Missouri fictitious name registration. True and accurate copies of the state registration certificates and fictitious name registration are attached to this Complaint as Exhibits B-D and are hereby incorporated herein by reference as though fully set forth herein.

26. These registrations are in full force and effect, and Defendant has both actual and constructive notice of them.

27. Nova Center's mark is distinctive and widely recognized by the public and in the relevant industry.

28. Defendant, without Nova Center's authorization, has used the name "Nova Center" and "Nova" in its advertising, promotional materials, and website in connection with services identical or nearly identical to those of Nova Center, including educational and supportive services for individuals with developmental disabilities, without including the rest of its name, "of the Ozarks, Inc."

29. Defendant's use of "Nova Center" and "Nova" is likely to cause confusion among consumers, donors, and service recipients as to the origin, sponsorship, or affiliation of its services.

30. Nova Center has experienced actual confusion in the marketplace as a result of Defendant's use of its mark. This actual confusion includes but is not limited to

Nationwide, Nova Center's investment provider, enrolling one of Defendant's employees as a participant in Nova Center's retirement plan.

31. Defendant has used and continues to use the "Nova Center" mark with knowledge of Nova Center's rights to and registrations of the "Nova Center" mark.

32. All conditions precedent, if any, have occurred or have been performed prior to the commencement of this action.

## CAUSES OF ACTION

### Count I: Federal Trademark Infringement

33. Nova Center hereby incorporates by reference the above and foregoing as though fully set forth herein.

34. A mark registered under the Lanham Act on the Principal Register is presumed to be valid, and the presumption of validity is a strong one.

35. Registration of a trademark is prima facie evidence of the validity and subsistence of the mark and the plaintiff's exclusive right to use them in commerce.

36. Registration is prima facie evidence of the validity of the registered mark and of the registration of the mark, of the owner's ownership of the mark, and of the owner's exclusive right to use the registered mark in commerce on or in connection with the goods or services specified in the certificate.

37. A permanent injunction is an available remedy for the unlawful use of a trademark under the Lanham Act.

38. Defendant's use of "Nova Center" in connection with similar services constitutes infringement of Nova Center's federally registered trademark under 15 U.S.C. § 1114.

39. Defendant's conduct is likely to cause confusion, mistake, or deception as to the source, affiliation, or sponsorship of its services.

40. Nova Center is entitled to injunctive relief, damages, and attorneys' fees.

41. This claim is properly and timely brought within applicable statutes of limitations.

WHEREFORE, Nova Center respectfully requests that this Court award it monetary damages and attorneys' fees against Defendant, a permanent injunction prohibiting Defendant from using "Nova Center" or "Nova" in isolation to identify itself or its services, an order requiring Defendant to remove all infringing uses from website, printed materials, signage, and promotional content, and grant such other and further relief as this Court deems just and proper.

## Count II: False Designation and Unfair Competition

42. Nova Center hereby incorporates by reference paragraphs 1. through 32. of the above and foregoing as though fully set forth herein.

43. Defendant, in connection with services, uses in commerce a word, term, name, or a combination thereof which is likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of Defendant with Nova Center, or as to the origin, sponsorship, or approval of its services or commercial activities by Nova Center.

44. Defendant's use of "Nova Center" constitutes false designation of origin and unfair competition in violation of the Lanham Act, 15 U.S.C. § 1125(a).

45. Defendant's conduct misrepresents the affiliation of its services.

46. This claim is properly and timely brought within applicable statutes of limitations.

WHEREFORE, Nova Center respectfully requests that this Court award it monetary damages and attorneys' fees against Defendant, a permanent injunction prohibiting Defendant from using "Nova Center" or "Nova" in isolation to identify itself or its services, an order requiring Defendant to remove all infringing uses from website, printed materials, signage, and promotional content, and grant such other and further relief as this Court deems just and proper.

### Count III: Common Law Trademark Infringement (Missouri)

47. Nova Center hereby incorporates by reference paragraphs 1. through 32. of the above and foregoing as though fully set forth herein.

48. Missouri recognizes a common law claim for trademark infringement that protects both registered and unregistered marks. To establish a common law claim for trademark infringement, a plaintiff must prove that (1) it owns or has rights in the trademark and (2) the defendant has used the mark in connection with goods or services in a manner likely to cause consumer confusion as to the source or sponsorship of the goods or services.

49. Nova Center owns or has rights in the "Nova Center" trademark, and Defendant has used the mark in connection with services in a manner likely to cause consumer confusion as to the source or sponsorship of the goods or services.

50. This claim is properly and timely brought within applicable statutes of limitations.

WHEREFORE, Nova Center respectfully requests that this Court award it monetary damages and attorneys' fees against Defendant, a permanent injunction prohibiting Defendant from using "Nova Center" or "Nova" in isolation to identify itself or its services, an order requiring Defendant to remove all infringing uses from website, printed materials, signage, and promotional content, and grant such other and further relief as this Court deems just and proper.

### Count IV: Violations of Missouri Trademark Act

51. Nova Center hereby incorporates by reference paragraphs 1. through 32. of the above and foregoing as though fully set forth herein.

52. Nova Center is a "Registrant" under Missouri trademark law.

53. Defendant's conduct violates the Missouri Trademark Act, Mo. Rev. Stat. § 417.005 et seq.

54. The Missouri trademark statute does not provide for any statutory defenses or exemptions for trademark infringement.

55. Defendant is using, without the consent of Nova Center, a reproduction, counterfeit, copy, or colorable imitation of Nova Center's mark registered under sections 417.005 to 417.066 in connection with the sale, offering for sale, or advertising of services on or in connection with, which such use is likely to cause confusion or mistake or to deceive as to the source of origin of such goods or services and is therefore liable to Nova Center for any or all of the remedies provided in section 417.061.

56. Defendant is reproducing, copying or colorably imitating Nova Center's registered mark and applying such reproduction, copy or colorable imitation to advertisements intended to be used upon or in conjunction with the sale or other distribution in Missouri of services and is therefore liable to Nova Center for any or all of the remedies provided in section 417.061.

57. Per Mo. Rev. Stat. § 417.061, any owner of a Missouri registered trademark may proceed by suit to enjoin the manufacturer, use, display or sale of any counterfeits or imitations thereof and any court of competent jurisdiction may grant injunctions to restrain such manufacture, use, display or sale as may be by the said court deemed just and reasonable, and may require the defendants to pay to such owner all profits derived from or damages

suffered by reason of such wrongful manufacture, use, display or sale. The Court, in its discretion, may enter judgment in such cases where the court finds that a party committed such wrongful acts with knowledge or in bad faith or otherwise as according to the circumstances of the case.

58. Nova Center, as the owner of two Missouri registered trademarks, is entitled to enjoin the use, display or sale of Defendant's unlawful use of the Nova Center mark and this Court may grant an injunction to restrain such use, display or sale as may be by this Court deemed just and reasonable and may require Defendant to pay to Nova Center all profits derived from or damages suffered by reason of such wrongful use, display or sale.

59. Per Mo. Rev. Stat. § 417.200, every name under which any person shall do or transact any business in Missouri, other than the true name of such person, is declared to be a fictitious name, and it shall be unlawful for any person to engage in or transact any business in Missouri under a fictitious name without first registering same with the secretary of state. Per Mo. Rev. Stat. § 417.230, any person who shall engage in or transact any business in Missouri under a fictitious name without registering such name shall be deemed guilty of a misdemeanor.

60. Defendant has no registered trade names or fictitious names in the state of Missouri.

61. In addition to violating Nova Center's trademark rights under Missouri law, Defendant violates Missouri state statutes by using an unregistered fictitious name.

62. This claim is properly and timely brought within applicable statutes of limitations.

WHEREFORE, Nova Center respectfully requests that this Court award it monetary damages and attorneys' fees against Defendant, a permanent injunction prohibiting Defendant from using "Nova Center" or "Nova" in isolation to identify itself or its services, an order requiring

Defendant to remove all infringing uses from website, printed materials, signage, and promotional content, and grant such other and further relief as this Court deems just and proper.

### Count V: Violation of Missouri Anti-Dilution Statute

63. Nova Center hereby incorporates by reference paragraphs 1. through 32. of the above and foregoing as though fully set forth herein.

64. Per Mo. Rev. Stat. § 417.061, likelihood of injury to business reputation or of dilution of the distinctive quality of a mark registered under sections 417.005 to 417.066, or a mark valid at common law, or a trade name valid at common law, shall be a ground for injunctive relief notwithstanding the absence of competition between the parties or the absence of confusion as to the source of goods or services.

65. The Missouri anti-dilution statute, Mo. Rev. Stat. § 417.061(1) does not require proof of fame.

66. Neither competition between the parties nor confusion as to the source of goods or services is required in order to seek relief under the Missouri anti-dilution statute.

67. The sole remedy for a statutory dilution claim is injunctive relief.

68. Missouri's dilution statute does not provide for any statutory defenses or exemptions.

69. Defendant's continuing use of Nova Center's mark will inexorably have an adverse effect upon the value of Nova Center's mark and Nova Center's mark will eventually be deprived of all distinctiveness.

70. Defendant's use of Nova Center's Missouri registered trademarks results in a likelihood of injury to Nova Center's business reputation or of dilution of the distinctive quality of the Nova Center mark; therefore; Nova Center is entitled to injunctive relief

notwithstanding any potential absence of competition between the parties or any potential absence of confusion as to the source of services.

71. This claim is properly and timely brought within applicable statutes of limitations.

WHEREFORE, Nova Center respectfully requests that this Court award it injunctive relief and grant such other and further relief as this Court deems just and proper.

Respectfully submitted:

KINCAID LAW KC, LLC
/s/Matthew T. Kincaid
Matthew T. Kincaid, MO # 65559
5251 West 116th Place, Suite 200
Leawood, Kansas 66211
913-735-7707
mkincaid@kincaidlawkc.com
Attorneys for Plaintiff